John P. Gualtieb,i, J.
There is before the court in each of the above claims a motion by the Attorney-General for dismissal for failure to state a cause of action. Also in each claim, a motion is made on behalf of the claimants for inspection of public records and examination before trial of State officers and employees.
The claimant wives were injured in an automobile accident which occurred on June 22, 1968. Their car came into collision with an automobile operated by one Andrew William Graves. It is alleged that Mr. Graves was intoxicated at the time of this accident. Claimants seek to recover from the State for their injuries and damages.
Prior to the accident Mr. Graves had been a patient at Marcy State Hospital, a State mental institution. The reason for his confinement is said to be that he was an acute alcoholic. The core of the claimants’ contention is that the State and its officers and employees were negligent in failing to take his operator’s license from him before releasing him from the hospital, knowing of his alcoholic habits.
The State’s motion for dismissal will be considered first, because if it is granted the claimants’ motion for inspection of records and examination before trial becomes academic.
It would appear from a mere reading of the allegations contained in the claims that they fail to state a cause of action. The matter of granting, suspending or revoking operators’ licenses rests solely with the Commissioner of Motor Vehicles. The Department of Mental Hygiene, of which Marcy State Hospital is a part, has no such authority or responsibility. Moreover, the lack of an operator’s license would not deter a drunkard from operating a motor vehicle or violating any other law. Viewing the claims as they now read, therefore, the State’s motion has to be granted.
*513 It is argued on behalf of the claimants in a brief prepared with commendable zeal, industry and ingenuity, that the hospital officials were negligent in releasing this man, with his known alcoholic tendencies, thus enabling him to be at large and to cause injury and damage to innocent people. This theory is not set forth in the claims as they now stand. The court would be inclined to allow claimants an examination before trial for the purpose of giving them an opportunity to obtain factual support for amended pleadings.
The difficulty with that position, if the claims were to be thus amended, is that they would be then confronted with the established principle that a professional error of judgment cannot be the basis of liability.
In support of the claimants’ motion for an examination before trial and an inspection of hospital records the claimants rely on Milano v. State of New York (44 Misc 2d 290) in which the court used language indicating that it would permit, notwithstanding the privileged communication rule, the inspection of records of a patient not a claimant in the case. However, that court said that even in such a situation a claimant would be barred from inquiry about matters involving medical judgment. Thus, even if the claimants were allowed to inspect the hospital records and assuming that a showing could be made that the doctors made a mistake in their appraisal of this patient and released him prematurely, it would not help the claimants.
The efforts of institutions like Marcy State Hospital to give patients an opportunity to rehabilitate themselves, even in the case of patients suffering real psychiatric disorders and not just alcoholism, should not be discouraged. The risk that such a released patient might cause injury or damage to others is one that society must take if there is to be any hope for these people.
Alcoholism is a social problem. It is being studied and attacked from many sources- — ■ clinics maintained by public and private agencies, the Alcoholic Anonymous organizations and many others. No one has ever suggested that the indefinite confinement of alcoholics is the answer.
If the State were to be held responsible for not keeping an alcoholic perpetually confined, and going a step further, if it were required to apprehend and place in indefinite confinement all known alcoholics or face the consequences of their erratic behavior, it would extend liability beyond any legal concept now recognized in tort law.
*514 The State’s motion in each claim for dismissal for failure to state a cause of action is granted.
The claimants’ motion in each claim for inspection and examination before trial is denied.